CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RYRICKA NIKITA CUSTIS, | ) |
|     Petitioner, | ) Civil Action No. 7:09CV00103 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| WARDEN BRYAN B. WATSON, | ) By: Hon. Glen E. Conrad |
|     Respondent. | ) United States District Judge |

Ryricka Nikita Custis, a Virginia inmate proceeding pro se,[1] filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Custis challenges the validity of his conviction in the Circuit Court for the County of Accomack. For the following reasons, the court concludes that Custis has failed to exhaust available state court remedies. Therefore, the court must dismiss his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2]

## BACKGROUND

Custis alleges that in July 2008, he was convicted in the Circuit Court for the County of Accomack on charges of robbery, possession of a firearm by a convicted felon, and use of a firearm by a convicted felon; the court sentenced him to a total of forty years imprisonment for these offenses. In his § 2254 petition, Custis alleges that his attorney rendered ineffective assistance of counsel by failing to properly perfect his appeal to the Court of Appeals of Virginia, causing the appeal to be dismissed. Custis acknowledges, however, that this claim has never been raised in state court.

---

[1] Custis is currently incarcerated at Wallens Ridge State Prison in Big Stone Gap, Virginia, within the territorial jurisdiction of this court. See 28 U.S.C. § 2241(d).

[2] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies as to an ineffective assistance claim in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Second, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is undisputed that Custis' present claim has not been adjudicated by the Supreme Court of Virginia. Therefore, he has failed to fully exhaust available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, Custis's petition must be dismissed without prejudice.[3]

---

[3] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

2

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 30th day of March, 2009.

_/s/ Gary Conrad_
United States District Judge